# Legality of State Payments to
# Attorneys Representing Veterans

A state veterans agency's payment of fees exceeding $10 to attorneys for representing veterans under laws administered by the Veterans Administration does not violate federal laws governing the practice of attorneys before the Veterans Administration. The $10 limit and other restrictions on attorney's fees imposed by federal law do not apply to payments by third parties.

January 28, 1986

MEMORANDUM OPINION FOR THE GENERAL COUNSEL,
VETERANS ADMINISTRATION

This responds to your request that this Department consider whether legislation recently enacted by the state of Oregon authorizing payment by the Oregon Department of Veterans' Affairs to attorneys representing veterans under laws administered by the Veterans Administration violates 38 U.S.C. §§ 3404 and 3405.[1] Payments to attorneys under the Oregon statute are likely to exceed the $10 fee limit imposed by § 3404. Although we view the question as close, we have concluded that 38 U.S.C. §§ 3404 and 3405 do not bar payments by the Oregon Department of Veterans' Affairs to attorneys representing veterans.

Sections 3404(a) and (b) provide for the "recognition" of attorneys by the Administrator of the Veterans Administration (Administrator), and allow the Administrator to suspend or exclude "unprofessional, unlawful, or dishonest" attorneys from practice before the Veterans Administration.[2] Section 3404(c)

---

[1] Chapter 790, Oregon Laws 1985 (to be codified at Oregon Rev. Stat. 406.030) provides, in relevant part:

(1) The Director of Veterans' Affairs, on behalf of this state, may, with agreement of the Attorney General, contract with attorneys for the provision by the attorneys of services as counsel for war veteran residents of Oregon in the preparation, presentation and prosecution of claims under laws administered by the United States Veterans Administration.

\*     \*     \*

(3) Insofar as possible, the expense of services provided under a contract authorized by this section shall be paid by the state to an attorney from funds available to the Department of Veterans' Affairs.

Provisions concerning the representation of veterans in claims before the Veterans Administration are set out in 38 U.S.C. §§ 3401–3405.

[2] Section 3404 provides in full:

(a) The Administrator may recognize any individual as an agent or attorney for the preparation, presentation, and prosecution of claims under laws administered by the Veterans' Administration. The Administrator may require that individuals, before being recognized under this section,

Continued

1

provides that the Administrator pay attorneys representing veterans no more than $10 for each claim. Section 3405[3] establishes criminal penalties for soliciting, contracting, charging, or receiving "any fee or compensation except as provided in section[] 3404" or another provision not relevant here.[4] Congress first enacted fee limitations for veterans' attorneys in 1862. 12 Stat. 568. The current limit of $10 was set in 1864, 13 Stat. 389, and has remained unchanged since that day.

In determining whether the recently enacted Oregon legislation is legal, we begin with the language of the federal statutes.[5] There is no dispute that the statutory language prohibits the payment by a veteran of an attorney's fee in excess of $10 with respect to any one claim. Indeed, §§ 3404 and 3405 do not allow any direct payment to the attorney by the claimant. As noted, these provisions instruct the Administrator to determine and pay fees, and provide that the fees "shall not exceed $10 with respect to any one claim" and "shall be deducted from monetary benefits claimed and allowed."

Whether the statutory language also forbids payments in excess of $10 by third parties to attorneys representing veterans is more problematic. Section 3404(c), the prohibitory provision, does not address fees paid by third parties. Instead, this provision simply limits the fees that can be deducted from benefits allowed in successful claims, and provides that the Administrator determine and deduct those fees.

Section 3405 is somewhat less clear. As noted, § 3405 imposes criminal penalties for, among other things, receiving "any fee or compensation except as

---

[2] (. . . continued)

show that they are of good moral character and in good repute, are qualified to render claimants valuable service, and otherwise are competent to assist claimants in presenting claims.

(b) The Administrator, after notice and opportunity for a hearing, may suspend or exclude from further practice before the Veterans' Administration any agent or attorney recognized under this section if he finds that such agent or attorney (1) has engaged in any unlawful, unprofessional, or dishonest practice; (2) has been guilty of disreputable conduct; (3) is incompetent; (4) has violated or refused to comply with any of the laws administered by the Veterans' Administration, or with any of the regulations or instructions governing practice before the Veterans' Administration; or (5) has in any manner deceived, misled, or threatened any actual or prospective claimant.

(c) The Administrator shall determine and pay fees to agents or attorneys recognized under this section in allowed claims for monetary benefits under the laws administered by the Veterans' Administration. Such fees (1) shall be determined and paid as prescribed by the Administrator; (2) shall not exceed $10 with respect to any one claim; and (3) shall be deducted from monetary benefits claimed and allowed.

[3] Section 3405 provides in full:

Whoever (1) directly or indirectly solicits, contracts for, charges, or receives, or attempts to solicit, contract for, charge, or receive, any fee or compensation except as provided in sections 3404 or 784 of this title, or (2) wrongfully withholds from any claimant or beneficiary any part of a benefit or claim allowed and due him, shall be fined not more than $500 or imprisoned at hard labor for not more than two years, or both.

[4] 38 U.S.C. § 784 provides jurisdiction in the United States district courts over insurance claims by veterans against the Veterans' Administration. Section 784(g) allows the court, as part of its judgment, to allow reasonable attorney's fees "not to exceed 10 per centum of the amount recovered and to be paid by the Veterans Administration out of the payments to be made under the judgment or decree at a rate not exceeding one tenth of each of such payments until paid."

[5] The Supreme Court has repeatedly emphasized that, in construing a statute, the place to begin is with the plain language of the provision. *See, e.g., United States v. Apfelbaum,* 445 U.S. 115 (1980); *see generally* 2A Sutherland, *Statutory Construction* § 46.01 (4th ed. 1973).

2

provided in section[] 3404" or another inapplicable provision. This language may be reasonably interpreted as merely imposing criminal penalties for conduct that violates § 3404(c) (*i.e.*, receipt of a fee in excess of $10 from a veteran or the Veterans Administration). Under this interpretation, because § 3404(c) does not address the receipt of fees from third parties, § 3405 would not impose any penalty for this conduct.[6] This reading would allow third-party payment of veterans' attorney's fees because the third party would not contract for any fee to be taken from the claimant, nor would the attorney solicit, contract for, charge, or receive any fee from the claimant. It is also possible, however, to construe § 3405 as prohibiting the receipt of any fee other than those lawfully made under § 3404(c), a reading that would bar the third-party funding of veterans' lawyers envisioned in the Oregon statute.

Because the statutory language is not wholly clear on the point at issue, it is appropriate to examine the statute's legislative history. In our view, the limited legislative history of § 3404 strongly supports the view that the original purpose of these provisions was to protect veterans from unscrupulous lawyers[7] and to keep lawyers from substantially diminishing any benefits granted to veterans through the claim process.[8] In *Walters* v. *National Ass'n of Radiation Survivors*, 473 U.S. 305 (1985), all members of the Supreme Court agreed that protection from unscrupulous lawyers was the principal purpose of these provisions.[9]

Obviously, the goal of protecting veterans from unscrupulous lawyers and the desire to protect benefits recovered by a veteran suggest no reason to bar third-party funding of attorneys representing veterans.[10] It must be acknowl-

---

[6] Such a reading would put a parallel construction on the two parts of § 3405. The second part, dealing with the "wrongful[] withhold[ing]" of benefits, is explicitly directed towards withholding from "any claimant or beneficiary."

[7] In *Calhoun* v. *Massie*, 253 U.S. 170, 173–74 (1920), the Court explained generally that such limits "protect just claimants from extortion or improvident bargains."

[8] *See* Cong. Globe, 37th Cong., 2d Sess. 2101, 3119 (1862). *See also* Cong. Globe, 41st Cong., 2d Sess. 1967, 4459 (1870). In discussing the limited fee for veterans' agents or attorneys on pension claims the five dollar (at that time) fee was referred to as "sufficient compensation." The discussions clearly show the intent of each speaker to "protect the soldier from the rapacity of these agents." In less charitable moments agents and attorneys are referred to as "vampires," an "infamous gang of cut throats," "sharks," and a "piratical crew." Yet it is repeatedly noted that "the object of [the limit on fees of agents and attorneys in claiming pensions and other allowances] . . . is to prevent extortionate charges," to prevent fraud, and to make sure it is "the soldier" who gets the money "and not the attorney."

[9] In *Walters*, the Supreme Court rejected a due process challenge to the restriction imposed by §§ 3404 and 3405; the holding of the case does not control the issues raised when a state seeks voluntarily to provide counsel. The Supreme Court upheld the facial constitutionality of §§ 3404 and 3405. The constitutionality of these provisions as applied to specific individuals or identifiable groups remains an open question. 473 U.S. at 336 (concurrence), 358 (dissent).

[10] However, any payment that directly or indirectly diminished the veteran's benefits would be inconsistent with this purpose. *See Richman* v. *Nelson*, 49 N.Y.S.2d 514, 516 (1944) (payment to attorney from veteran's estate through the veteran's sister, acting as a committee, would "circumvent the statute"); *but see Fuller* v. *Dittmeier*, No. 82–0648 C (E.D. Mo. Mar. 1, 1983) (unpublished) (decision that father of veteran could pay attorney to represent son); *Welty* v. *United States*, 2 F.2d 562 (6th Cir. 1924) (criminal conviction for violating $3 limitation on attorney's fees for representing War Risk Insurance claimants reversed on grounds that father was third party not covered by statute). *Fuller* and *Welty* are not directly on point, however, because § 3405's ten-dollar limit applies to fee payments from any recipient *or beneficiary*. An immediate family member might not be an independent third party in paying attorney's fees for a veteran.

edged, however, that another goal of the federal statutes, as explained in *Walters*, might be frustrated by third-party payments such as those that will be made under the Oregon statute. In *Walters*, the Court concluded that "even apart from the frustration of Congress' principal goal of wanting the veteran to get the entirety of the award, the destruction of the fee limitation would bid fair to complicate a proceeding which Congress wished to keep as simple as possible." 473 U.S. at 326. Recognizing a relationship between the twin goals of informality and the delivery of undiminished benefits to the Veteran, the Court noted:

> It is scarcely open to doubt that if claimants were permitted to retain compensated attorneys the day might come when it could be said that an attorney might indeed be necessary to present a claim properly in a system rendered more adversary and more complex by the very presence of lawyer representation. It is only a small step beyond that to the situation in which the claimant who has a factually simple and obviously deserving claim may nonetheless feel impelled to retain an attorney simply because so many other claimants retain attorneys. And this additional complexity will undoubtedly engender greater administrative costs, with the end result being that less Government money reaches its intended beneficiaries.

*Id.*

Notwithstanding Congress' desire to preserve the informality of benefits proceedings, we do not believe that this purpose is sufficient to support the conclusion that third-party payments under the Oregon legislation would be illegal.

The barrier erected under §§ 3404 and 3405 against "[t]he regular introduction of lawyers into the proceedings" was not made absolute. Lawyers willing to provide representation *pro bono* or for $10 or less are clearly allowed under §§ 3404 and 3405. Indeed, §§ 3402 and 3403 expressly authorize certain "representatives" and "agents" to participate in the "preparation, presentation, and prosecution" of veterans claims, provided that no fee is extracted from the veteran.

Section 3402 allows the Administrator to recognize representatives of veterans' organizations and the Red Cross "in the preparation, presentation, and prosecution of [veterans'] claims,"[11] provided that such representatives certify

---

[11] Section 3402 provides in relevant part:

> (a) (1) The Administrator may recognize representatives of the American Red Cross, the American Legion, the Disabled American Veterans, the United Spanish War Veterans, the Veterans of Foreign Wars, and such other organizations as he may approve, in the preparation, presentation, and prosecution of claims under the laws administered by the Veterans' Administration.
>
> (2) The Administrator may, in his discretion, furnish, if available, space and office facilities for the use of paid full-time representatives of national organizations so recognized.
>
> (b) No individual shall be recognized under this section —

Continued

4

to the Administrator "that no fee or compensation of any nature will be charged any individual for services rendered in connection with any claim." The statute authorizes the Administrator to provide space and office facilities for such "*paid*, full-time representatives." *Id.* (emphasis added).[12] Similarly, § 3403 grants the Administrator power to recognize an individual for the preparation, presentation, and prosecution of any particular claim for benefits after certification that no fee will be charged any individual for services rendered. Although these "representatives" and "agents" need not be lawyers, it seems clear that lawyers may serve in that capacity. In fact, we are informed that veterans organizations have used and currently are using attorneys as representatives.[13] Legal aid society attorneys also represent veterans in claims before the Veterans Administration. Thus, because Congress approved of some participation by attorneys, it seems doubtful that Congress would have wished to bar representation by lawyers furnished free of charge to the veteran by a state such as Oregon.

Finally, general principles of statutory construction support a narrow reading of §§ 3404 and 3405. Section 3405 provides substantial criminal penalties, and under the widely recognized "rule of lenity" criminal provisions subject to more than one reasonable construction should be interpreted narrowly and ambiguity should be resolved in favor of lenience. *See, e.g., Bifulco* v. *United States*, 447 U.S. 381 (1980); 3 Sutherland, *Statutory Construction* §§ 59.03 *et seq.* (4th ed. 1973). This principle of construction supports the view that these provisions only restrict payments from the claimant or beneficiary.

For the foregoing reasons, this Department believes that the Oregon statute providing funds for attorneys representing veteran claimants does not violate 38 U.S.C. §§ 3404 and 3405.

CHARLES J. COOPER
*Assistant Attorney General*
*Office of Legal Counsel*

---

[11] (. continued)
    (1) unless he has certified to the Administrator that no fee or compensation of any nature will be charged any individual for services rendered in connection with any claim; and
    (2) unless, with respect to each claim, such individual has filed with the Administrator a power of attorney, executed in such manner and form as the Administrator may prescribe.

[12] 38 U.S.C. § 3402(a)(2). The extensive use of full-time paid service agents from veterans' organizations was noted by the Supreme Court in *Walters*. 473 U.S. at 311–12. The Court noted that 86 percent of all claimants are represented by service representatives. *Id.* at 312 n.4.

[13] In a footnote, the *Walters* Court referred to testimony by two attorneys, one who had handled claims by veterans as a law student and another who was a staff member of the appellee veterans' organization, "Swords to Ploughshares." 473 U.S. at 324 n.11.